UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| JOHN MARSHALL UNDERWOOD, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0: 21-017-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

John Marshall Underwood, Jr. is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Underwood filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Underwood's petition.

In 2017, Underwood pled guilty to the attempted use of a facility of interstate commerce to entice a minor to engage in commercial sex or criminal sexual activity, in violation of 18 U.S.C. § 2422(b), and the trial court sentenced him to 120 months in prison. *See United States v. John Marshall Underwood, Jr.*, No. 2:17-cr-029 (S.D.W. Va. 2017). Underwood subsequently filed a postconviction motion pursuant to 28 U.S.C. § 2255, but the trial court denied his request for relief. *See id.* Underwood appealed, and it appears that his appeal is still pending before the United States Court of Appeals for the Fourth Circuit. *See id.*

Nevertheless, Underwood went ahead and filed his § 2241 petition with this Court. [R. 1]. As best as the Court can tell, Underwood puts forth two claims in support of his petition. [*See id.*

at 5]. First, Underwood suggests that he received ineffective assistance of counsel because he "did not have a[n] understanding of [his] plea with the Government." [*Id.*]. Second, Underwood suggests that a confidential informant made false statements in his case. [*See id.*]. Ultimately, Underwood asks the Court to order his immediate release. [*Id.* at 6].

Underwood's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying conviction. While a federal prisoner may challenge the legality of his conviction on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Underwood cannot use a § 2241 petition as a way of challenging his conviction.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can show actual innocence by demonstrating:

> (1) The existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Underwood has not made such a showing. For starters, Underwood has not clearly identified any new statutory law that is even relevant to his case. Plus, even if Underwood had

-3-

cited such law, the Fourth Circuit is apparently still considering his appeal of the denial of his § 2255 motion. Thus, Underwood still has a meaningful time to make his arguments to that court. In short, it appears that Underwood is trying to litigate claims that can only be asserted on direct appeal and/or in his § 2255 proceedings. That is simply not proper in a § 2241 action.

Accordingly, it is **ORDERED** that:

1. Underwood's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 2nd day of February, 2021.

Signed By:
*William O. Bertelsman*  WOB
United States District Judge